## Scull's Estate. Voorhees' Appeal.

*Wills—Construction—Gift over—Meaning of "children."*

1. It is a well established rule of construction that the word children in a will does not include grandchildren, unless it appears from the context to have been so intended by the testator, or such meaning is necessary to carry out his manifest intent.

2. Where a testator bequeathed his residuary estate to his seven children in equal shares and provided that in case any of them should die without leaving issue surviving, or if leaving issue, the latter should die under the age of twenty-one years without issue, the share of the one so dying should go to his "surviving children, residuary devisees, their heirs, executors, administrators and assigns forever, in equal parts, or shares," the Orphans' Court properly held that the gifts over were in favor of the surviving children only and did not include the issue of deceased children and therefore that releases could lawfully be executed by the surviving children of the contingent interests which each had in the estate of the others and that such releases would bind grandchildren, or other remote issue of the testator.

Argued Jan. 22, 1915.  Appeal, No. 366, Jan. T., 1914, by Anna S. Voorhees, from decree of O. C. Philadelphia Co., Oct. T., 1889, No. 88, refusing to compel an accounting in estate of David Scull, deceased.  Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ.  Affirmed.

Petition for a citation to compel executors to file an account.  Before ANDERSON, J.

The opinion of the Supreme Court states the facts.

The court dismissed the petition.  Anna S. Voorhees appealed.

*Error assigned* was the decree of the court.

*Henry S. Drinker, Jr.,* with him *James McMullan* and *Dickson, Beitler & McCouch,* for appellant, cited:  In re Arnold's Trusts, L. R., 10 Eq. Cas. 252, 255; Lapsley v. Lapsley, 9 Pa. 130;  Bacon's Estate, 202 Pa. 535;  Fox's Estate, 222 Pa. 108.

*E. Cooper Shapley,* for appellees.

*Samuel L. Howell,* and *John Weaver* filed a paper book for the Baptist Orphanage, Baptist Home and other charities under the will of Anna Reed, deceased.

OPINION BY MR. JUSTICE POTTER, April 12, 1915:

The testator, David Scull, died in 1889.  In his will he gave to each of his seven children, one-seventh of his residuary estate absolutely.  He then provided: "And in case of the decease of either or any of my said seven children, residuary devisees, whether during my lifetime, or after my decease, without leaving any children, or the issue of a deceased child to survive them, or if leaving such child, children or issue, all of them should depart this life under the age of twenty-one years, without issue, then it is my will and desire that the part and

share of my residuary estate intended for such child so dying and his or her children as aforesaid shall go to, and I do hereby give, devise and bequeath the same unto my surviving children, residuary devisees, their heirs, executors, administrators and assigns forever in equal parts or shares." This clause of the will has twice before been considered by the Orphans' Court. In Scull's Estate, 27 W. N. C. 347, decided in 1890, it was held in an opinion by Judge PENROSE that the seven children, who were the first takers, took each a vested one-seventh interest, subject to its becoming divested upon the happening of the contingencies provided for by the will. In making distribution, the distributees were directed to enter security for the protection of the contingent interests. Instead of giving security, however, the seven legatees, children of the testator, by agreement in writing, dated September 10, 1890, released one another from entering security, and released and confirmed to each other their respective shares in severalty, waiving all rights of survivorship. Again in 1909, the estate came before the Orphans' Court, as reported in Scull's Estate, 18 Pa. D. R. 297, and the question which is now raised, was considered. It was held, the opinion again being by Judge PENROSE, (p. 298) that: "In any sense of the word the contingent interests are expressly limited to the surviving or other 'children' of the testator, and this does not include granchildren or more remote descendants." In the same opinion it was further said that when the children of the testator who are entitled to the residuary estate, "being thus, exclusively, the owners of the present vested, and future contingent estates, agreed, as the answer asserts they did, that each of them should hold absolutely and indefeasibly, they, in effect, mutually released to each other their respective contingent interests, thus superseding, as they had the right to do, the order requiring security. This was a perfectly valid transaction, binding upon the parties and all persons claiming under them. The will gave no right

to their children, who are, therefore, bound by the act
of their parents, just as they would have been had the
contingent interests been assigned or disposed of by
will to strangers." Judge LAMORELLE filed a dissenting
opinion. An appeal was then taken, but before the case
was heard in this court, a settlement was effected be-
tween the parties, and judgment of nol pros was entered
upon the appeal. This settlement was however restrict-
ed to the share of Harriet Scull in the estate, and did
not affect the share of Anna S. Reed, which is now under
consideration. In the case at bar, the court below fol-
lowed its former decisions. Judge ANDERSON after quot-
ing the language of the will, further said: "That the
words used are words of limitation and not of substi-
tution is evident. The testator emphasized who are to
take by the use of the words 'residuary devisees' and he
gives not only to their heirs, but to their executors, ad-
ministrators and assigns forever—the words usually em-
ployed in creating an absolute estate, and, excepting the
word 'heirs,' absolutely inapplicable to express any other
meaning than an absolute estate in the first taker."
Judge LAMORELLE again dissented, and filed the same
opinion he had filed when the question was previously
before the court. He was of opinion that, in the event
of the death of one of testator's children prior to the
death of another without issue, "the share of the one so
dying......should go to and be divided among his
(testator's) then living children and the living child or
children of a deceased child, per stirpes."

We are unable to gather from the language of the tes-
tator any intention upon his part to benefit his grand-
children except in an indirect and uncertain manner.
He gave his residuary estate directly to his children,
and by so doing made it possible for them to bequeath a
portion of the estate in turn to their children. But the
testator gave nothing to the grandchildren. On the con-
trary, he made the fact of their existence, and that of
their attaining the age of twenty-one, or leaving issue,

the condition upon which the estate given to his children, should vest in them absolutely. It would indeed be a forced construction, in this case, to expand the word children so as to include grandchildren. The word was plainly not used by the testator as being co-extensive with issue, and there were in existence children who literally answered to the description. The principle involved has often been stated. Thus in Hallowell v. Phipps, 2 Wharton 376, Mr. Justice ROGERS said (p. 380) : "Under a bequest to children, grandchildren and other remote issue are excluded, unless it be the apparent intention of the testator, disclosed by his will, to provide for the children of a deceased child. But such construction can only arise from a clear intention or necessary implication......The word 'children' does not ordinarily and properly speaking, comprehend grandchildren, or issue generally." And in Castner's Appeal, 88 Pa. 478, Mr. Justice STERRETT said (p. 491) : "It is the well established rule of construction in this State, as well as elsewhere, that the word children in a will does not include grandchildren, unless it appears from the context to have been so intended by the testator, or such meaning is necessary to carry out his manifest intent." In the present case, it was provided that if the share of one of the seven children became divested, through the happening of a contingency, which was to have that effect, that share was to go to the "surviving children, residuary devisees" thus identifying them with the particular children to whom he had confined his gift of the residuary estate. We think the Orphans' Court very properly held that the children of the testator were clearly within their rights in releasing to each other all claims to contingent remainders, and that their children, having no claim except through their parent, are bound by the release.

The assignments of error are overruled, the decree of the court below is affirmed, and this appeal is dismissed at the cost of appellant.